IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY


UNITED STATES OF AMERICA,     :

            APPELLEE     :

          v.     :          No. 08-00070 (DMC)

GWENDOLYN JACKSON,     :

         APPELLANT.     :

---

ON APPEAL FROM A FINAL JUDGMENT OF CONVICTION AND
SENTENCE OF THE UNITED STATES MAGISTRATE COURT
FOR THE DISTRICT OF NEW JERSEY
(D.N.J. CRIMINAL NO. 07-09061 (ARM))

---

APPELLANT'S OPENING BRIEF

---


CHRISTIAN P. FLEMING, ESQ.
Jabin & Fleming, Esquires
530 Highway 18
East Brunswick, NJ 08816
732.257.1044
Attorney for Appellant
Gwendolyn Jackson

## TABLE OF CONTENTS

TABLE OF AUTHORITIES …..……………………….………….….........…. iii

STATEMENT OF SUBJECT MATTER AND
 APPELLATE JURISDICTION …………………….….……………….......... 1

STATEMENT OF RELATED CASES ……………….….…………….......... 1

STATEMENT OF ISSUES AND STANDARD OF REVIEW …………......... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY…………........... 2

ARGUMENT …………………………………………………….......... 4

    POINT I:  THE CONVICTION OF MRS. JACKSON WAS AGAINST THE
    WEIGHT OF THE EVIDENCE, AND SHOULD THEREFORE BE
    VACATED ................................................................................. 4

    POINT II: THE ALLEGED CONDUCT DID NOT SATISFY THE
    ELEMENTS OF THE OFFENSE OF HARASSMENT ................................... 6

    POINT III: THE GOVERNMENT IMPERMISSIBLY SUBMITTED
    EVIDENCE OF MRS. JACKSON'S RIGHT TO REMAIN SILENT,
    THEREBY VIOLATING HER FIFTH AMENDMENT RIGHTS .................. 8

    POINT IV: THE MAGISTRATE JUDGE ABUSED HIS DISCRETION BY
    DENYING THE MOTION FOR A CHANGE OF VENUE AND TO
    DISQUALIFY THE PROSECUTOR ............................................... 10

    POINT V: THE GAG ORDER VIOLATES MRS. JACKSON'S FIRST
    AMENDMENT RIGHTS, AND SHOULD BE TERMINATED .................. 11

    POINT VI: THE SENTENCE IMPOSED EXCEEDED THE MAXIMUM
    SENTENCE UNDER STATE LAW, AND WAS THEREFORE ILLEGAL,
    OR OTHERWISE UNREASONABLE ........................................... 12

CONCLUSION ................................................................. 13

CERTIFICATE OF FILING AND SERVICE ..................................... 14

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                              <u>Page</u>

*Griffin v. State of California*, 380 U.S. 609, 85 S. Ct. 1229,
    14 L. Ed. 2d 106 (1965) .......................................................................... 9

*Murphy v. Waterfront Comm'n of N.Y. Harbor*, 378 U.S. 52, 84 S. Ct. 1594,
    12 L. Ed. 2d 678 (1964) .......................................................................... 9

*State v. Duncan*, 376 N.J.Super. 253 (App.Div. 2005) ........................................... 7

*United States v. Cooper*, 437 F.3d 324 (3rd Cir. 2006) .................................... 2, 13

*United States v. Gunter*, 462 F.3d 237, 247 (3rd Cir. 2006) ................................ 13

*United States v. Marmolejo*, 89 F.3d 1185 (5th Cir. 1996) .................................... 2

*Virgin Islands v. Derricks*, 810 F.2d 50 (3rd Cir. 1987) ........................................ 5

*Wilson v. United States*, 149 U. S. 60 (1893) .......................................................... 9


<u>Statutes</u>

18 U.S.C. § 13 ................................................................................................. passim

18 U.S.C. § 19 ......................................................................................................... 1

18 U.S.C. § 3401 ..................................................................................................... 1

18 U.S.C. § 3553(a) .............................................................................................. 13

18 U.S.C. §3742(g) .................................................................................................. 1

28 U.S.C. § 636(a)(4) .............................................................................................. 1

N.J.S.A. 2C:33-4 ............................................................................................. passim

iii

<u>Rules</u>

F.R.Cr.P. 33 ................................................................................................................... 5

F.R.Cr.P.  58(g)(2)(B) ...................................................................................... 1

L.Cr.R. 58.1(d)(1) ......................................................................................... 2

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

The United States Magistrate Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3401 and 28 U.S.C. § 636(a)(4), which allow magistrate judges to try and sentence persons accused of petty offenses.  18 U.S.C. § 19 defines a "petty offense" as, *inter alia*, a Class C misdemeanor.  The offense to which Mrs. Jackson was convicted and sentenced was a Class C misdemeanor.

This court has appellate jurisdiction pursuant to 18 U.S.C. §3742(g) to hear an appeal from a final sentence of a United States Magistrate Judge.

On January 14, 2008, Mrs. Jackson complied with Rule 58(g)(2)(B) of the Federal Rules of Criminal Procedure when she filed a timely notice of appeal, which was thereafter electronically filed on January 29, 2008.  (App. at 1)

## STATEMENT OF RELATED CASES

Mrs. Jackson is unaware of ay cases pending before this Court that are related to the instant appeal.

## STATEMENT OF ISSUES AND STANDARD OF REVIEW

(1)     Whether the conviction was against the weight of the evidence;

(2)     Whether the conduct satisfied the elements of the offense of harassment;

1

(3)     Whether the Government submitted evidence that violated the

defendant's right to remain silent;

(4)     Whether the denial of the Motion for a change of venue and for

disqualification of the Prosecutor was an abuse of discretion;

(5)     Whether the Order barring public comment violates the defendant's

right to freedom of speech; and

(6)     Whether the sentence imposed exceeded the maximum sentence under

state law, or was otherwise unreasonable.

Standard of Review:  For an appeal to the District Court from a magistrate judge,

"the scope of review shall be the same as an appeal from a judgment of the District

Court to the Third Circuit."  L.Cr.R. 58.1(d)(1).   The District Court reviews the

magistrate judge's findings for clear error.  *United States v. Marmolejo*, 89 F.3d

1185, 1197 (5th Cir. 1996).  The sentence is reviewed for reasonableness.  *United

States v. Cooper*, 437 F.3d 324, 329-30 (3rd Cir. 2006).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 11, 2006, Mrs. Jackson was issued a Violation Notice alleging

the offense of harassment, pursuant to N.J.S.A. 2C:33-4 and the Assimilative

Crimes Act, 18 U.S.C. § 13.  (App. at 6)  The date of the alleged harassment

2

occurred on December 2, 2006, on Ft. Dix, New Jersey.  The Statement of

Probable Cause accompanying the Violation Notice alleged "on 02 December

2006 between 0705 hours and 1202 hours made telephonic communications with

the victim in a manner that caused annoyance and alarm."  The alleged victim was

Mark Winkler, who at one time was Mrs. Jackson's superior officer in the New

Jersey National Guard.

     Mrs. Jackson pleaded not guilty to the Violation Notice.  A trial was held on

June 14 and July 12, 2007, before the Honorable Anthony R. Mautone, United

States Magistrate Judge.  A Motion for a New Trial was timely filed, and

subsequently denied on December 19, 2007.  Mrs. Jackson was thereafter

sentenced on December 19, 2007, to a probation term of two years and a fine of

$500.  (App. at 2-5)  Judgment was entered on January 21, 2008.

     A timely notice of appeal was filed with this court on January 14, 2008, and

electronically filed on January 29, 2008.

## ARGUMENT

## POINT I

## THE CONVICTION OF MRS. JACKSON WAS AGAINST THE WEIGHT OF THE EVIDENCE, AND SHOULD THEREFORE BE VACATED

In the instant case, the verdict was against the clear weight of the evidence, because the Government did not meet its burden of proving the Defendant guilty beyond a reasonable doubt.  The Government produced four witnesses at time of trial: Matthew Bloomberg, Mark Tarantino, Mark Winkler, and Robert Stevens. While Tarantino, Winkler, and Stevens all claimed to be able to identify the voice on the telephone calls as belonging to Mrs. Jackson, each witness also admitted that they had not had contact with her for a number of years, that the audio quality was poor, and that the speaker was seeking to disguise his/her voice.  (App. at 34, 35, 65)  This raises doubt as to their ability to accurately identify Mrs. Jackson as the speaker beyond a reasonable doubt.

Moreover, the statement of James Sattley clearly placed Mrs. Jackson on Ft. Dix in the afternoon of the day of the offense, while the telephone records clearly showed telephone calls going through the New York Metropolitan service area in the afternoon.  (App. at 88-90)  This inconsistency demonstrates that Mrs. Jackson could not have had the cellular telephone from which the telephone calls were made in her possession, or, at the very least, would raise reasonable doubt as to her

4

guilt.

Apparently, the Magistrate Judge placed little or no weight on Sattley's statement and the telephone records description of a service area. With regards to Sattley's testimony, the court even questioned its admissibility. However, there was no objection by the Government to its being admitted. Thus, it should have been given equal weight to the other admitted evidence.

Further, the Magistrate Court apparently gave little weight to the statement that Mrs. Jackson gave to Investigator Bloomberg. Although Mrs. Jackson told the Investigator that it was common practice to switch the SIM cards in her family's telephones (App. at 18), the Magistrate Judge commented that this was an unsworn statement by Mrs. Jackson. (App. at 74) Nonetheless, it was admitted testimony that should have been considered by the court, and which, coupled with the other testimony, raised reasonable doubt.

A Notice of Motion for a New Trial was filed with the Magistrate Court on July 18, 2007. Rule 33 of the Federal Rules of Criminal Procedure governs motions for a new trial. A new trial is justified where the verdict is contrary to the clear weight of the evidence, or to prevent a miscarriage of justice. In determining whether an innocent person has been convicted, a district court "does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." *Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3rd

5

Cir. 1987).  On the sentencing date, the Magistrate heard the Motion for a New

Trial, but denied same.  (App. at 112)  This was error, as the verdict was contrary

to the clear weight of the evidence.


## POINT II

### THE ALLEGED CONDUCT DID NOT SATISFY THE ELEMENTS OF THE OFFENSE OF HARASSMENT

Even assuming, *arguendo*, that the Government proved that Mrs. Jackson

was the person making these telephone calls, the conduct in question did not meet

the elements of the offense of harassment.   Mrs. Jackson was charged by means of

a Violation Notice, with violating N.J.S.A. 2C:33-4 and the Assimilative Crimes

Act, 18 U.S.C. § 13.  (App. at 6)  N.J.S.A. 2C:33-4 states:

> a person commits a petty disorderly offense if, with
> purpose to harass another, he:
>
> a. Makes, or causes to be made, a communication or
> communications anonymously or at extremely
> inconvenient hours, or in offensively coarse language, or
> any other manner likely to cause annoyance or alarm;
>
> b. Subjects another to striking, kicking, shoving, or
> other offensive touching, or threatens to do so; or
>
> c. Engages in any other course of alarming conduct or
> of repeatedly committed acts with purpose to alarm or
> seriously annoy such other person.

The Violation Notice did not explicitly state under which subsection of

6

N.J.S.A. 2C:33-4 the Defendant was charged.  However, the Statement of Probable Cause states: "on 02 December 2006 between 0705 hours and 1202 hours made telephonic communications with the victim in a manner that caused annoyance and alarm."  (App. at 6)  This statement is clearly patterned after subsection (a) of N.J.S.A. 2C:33-4.

According to the testimony presented by the United States, the first telephone call was answered by Mr. Winkler.  After that, all other calls were screened by people in his office, with the exception of one later one that Mr. Winkler stated he answered himself.  (App. at 42-44)  Thus, only one or two communications were actually made to Mr. Winkler.  While a single communication could be deemed harassment under certain circumstances, in the instant case Mr. Winkler testified that he was not alarmed by the initial telephone call, but only became alarmed later when the telephone calls continued.  (App. at 39, 53)  Mr. Stevens testified that there was even joking going on, because he stated after one telephone call "I like that one."  (App. at 66)

The case at bar is similar to *State v. Duncan*, 376 N.J.Super. 253 (App.Div. 2005), wherein the defendant made a call to a 911 operator and used obscene language.  The court in that case found that profanity in and of itself could not constitute harassment, and overturned the defendant's conviction because the State failed to prove beyond a reasonable doubt any intent to harass.  Likewise, in the

7

case at hand, the one telephone call to Mr. Winkler, in and of itself, could not be deemed to be harassment under the statute.

While the United States presented evidence of other telephone calls, these calls were screened by others in the office.  (App. at 48-50)  It is clear from listening to the testimony that the caller did not know Mr. Winkler was listening, given that the voice asked to have him put on the telephone.  Moreover, the majority of these calls were either hang-ups or music, neither one of which could be deemed a communication under the statute.

Therefore, even assuming that Mrs. Jackson was the person placing these telephone calls, the conduct would not rise to harassment because the statutory elements of the offense were not met.

## POINT III

### THE GOVERNMENT IMPERMISSIBLY SUBMITTED EVIDENCE OF MRS. JACKSON'S RIGHT TO REMAIN SILENT, THEREBY VIOLATING HER FIFTH AMENDMENT RIGHTS

During the trial, the Government elicited the following testimony:

Q      And did you inquire to the defendant about those phone calls?

A      I did, Sir.

Q      Okay.  And what were the responses that you received?

8

A     Ms. Jackson – I'm sorry – Mrs. Jackson was not admitting to or denying   that she had made any phone calls.

Q     Okay.  Okay.  No further questions for this witness.

(App. at 17-18)

The prosecutor's question and investigator's answer deprived Mrs. Jackson of a fair trial under the Fifth Amendment.  *See Griffin v. State of California*, 380 U.S. 609, 611, 85 S. Ct. 1229, 14 L. Ed. 2d 106 (1965); *Wilson v. United States*, 149 U. S. 60 (1893).  In Griffin, the Supreme Court reversed the conviction on the ground that the Fifth Amendment "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *Griffin*, 380 U.S. at 615.   The Griffin Court reasoned that "comment on the refusal to testify is a remnant of the 'inquisitorial system of criminal justice,' which the Fifth Amendment outlaws. It is a penalty imposed by courts for exercising a constitutional privilege. It cuts down on the privilege by making its assertion costly." *Id.* at 614, (*quoting Murphy v. Waterfront Comm'n of N.Y. Harbor*, 378 U.S. 52, 55, 84 S. Ct. 1594, 12 L. Ed. 2d 678 (1964)).  Similarly, in the case at bar, the testimony elicited by the Prosecutor infringed on Mrs. Jackson's Fifth Amendment right to remain silent.

9

## <u>POINT IV</u>

## <u>THE MAGISTRATE JUDGE ABUSED HIS DISCRETION BY DENYING THE MOTION FOR A CHANGE OF VENUE AND TO DISQUALIFY THE PROSECUTOR</u>

Prior to trial, the Defense moved for a change of venue to an alternative Magistrate Court, and the disqualification of any U.S. Attorney who is subject to the chain of command of the U.S. Army or New Jersey National Guard.  (App. at 4)  The basis was undue influence of the victim, the quasi-military/quasi-civilian prosecution of Mrs. Jackson, and the appearance of impropriety and bias,

Mrs. Jackson is a Major in the U.S. Army Reserves.  The alleged victim, Mark Winkler, is a Lieutenant Colonel in the New Jersey National Guard.  On December 2, 2006, the date of the alleged incident, both Mrs. Jackson and Lt Col Winkler were on duty at Ft Dix.  Mrs. Jackson has been in the Army – Reserves and National Guard for 23 years, and is currently employed by the Office of the Attorney General of New Jersey.  She has no criminal history.  Based upon her lack of criminal record and standing in the community, she would have been an excellent candidate for a continuance in anticipation of dismissal, or other diversionary program.  However, no such resolution was considered by the government because of undue influence by Mr. Winkler.

There are means of pursuing this matter within military channels, both administrative and criminal.  However, these procedures were rejected in favor of

10

civilian prosecution in the Federal Magistrate's Court.  But, although civilian charges are being pursued, the prosecution has a distinctive military character, as the prosecutor is a Captain in the U.S. Army, appointed as a Special United State Attorney.  Because he is within the chain of command of the Army, the Special Assistant United State Attorney has a greater propensity to be influenced by the status of the alleged victim, and thus to abuse his prosecutorial discretion in deciding whether to prosecute this case and how to properly resolve it.

This Motion was denied by the Magistrate Court.  (App. at 12-13)


## POINT V

### THE GAG ORDER VIOLATES MRS. JACKSON'S FIRST AMENDMENT RIGHTS, AND SHOULD BE TERMINATED

After sentencing Mrs. Jackson, the magistrate judge, *sua sponte* stated "I see no need for any of the parties in this case to make a public comment.  And I am ordering that there not be any public comment by either party, including the Government.  Ms. Jackson is not to comment nor is the Government."  (App. at 130)  No findings were made by the court as to why this gag order was necessary, nor what purpose it served.  Separately, the court had previously ordered no contact by Mrs. Jackson with Mr. Winkler.  (App. at 128-29)  This gag order is much broader, restricting any public comment.  As such, it serves no legitimate

11

purpose, and violates Mrs. Jackson right to free speech guaranteed by the First

Amendment.


## POINT VI

### THE SENTENCE IMPOSED EXCEEDED THE MAXIMUM SENTENCE UNDER STATE LAW, AND WAS THEREFORE ILLEGAL, OR OTHERWISE UNREASONABLE

The Magistrate Court imposed a two year term of probation.  (App. at 2-5)

However, pursuant to N.J.S.A. 2C:45-2a states: "When the court… has sentenced a

defendant to be placed on probation, the period of the suspension shall be fixed by

the court at not to exceed the maximum term which could have been imposed or

more than 5 years whichever is lesser."  Under New Jersey state law, harassment is

a petty disorderly persons offense.  N.J.S.A. 2C:33-4.  A petty disorderly persons

offense carries a maximum term of thirty days.  N.J.S.A. 2C:43-8.  Therefore, the

maximum probationary period for harassment is thirty days under New Jersey state

law.

Mrs. Jackson was charged under the Assimilative Crimes Act, 18 U.S.C.A. §

13.  (App. at 6)  "The ACA provides that in the absence of a governing federal

statute, a person who commits a state crime on a federal enclave 'shall be guilty of

a like offense and subject to a like punishment.'"  *United States v. Pierce*, 75 F.3d

173, 176 (4th Cir. 1996) (quoting 18 U.S.C. § 13(a)).  Therefore, since the

maximum term of probation under New Jersey state law is thirty days, the sentence of a two year term of probation was illegal.

A court must consider 18 U.S.C. § 3553(a) factors to determine an appropriate sentence that is not greater than necessary to achieve the goals of sentencing. *United States v. Gunter*, 462 F.3d 237, 247 (3rd Cir. 2006). This court reviews the sentence for reasonableness. *United States v. Cooper*, 437 F.3d 324, 329-30 (3rd Cir. 2006). In the instant case, a probationary term of two years is clearly unreasonable, given Mrs. Jackson's lack of any criminal history, her achievements and service to her country, and the minor nature of the offense. (App. at 134-39)

## CONCLUSION

For the foregoing reasons, Mrs. Jackson respectfully requests this Court vacate the conviction from the Magistrate Court.

Respectfully submitted,

___*s/ Christian P. Fleming*_____
CHRISTIAN P. FLEMING, ESQ.
Jabin & Fleming, Esquires
530 Highway 18
East Brunswick, NJ 08816
732.257.1044
Attorney for Appellant
Gwendolyn Jackson

Dated: February 18, 2008

13

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on February 18, 2008, I electronically filed Appellant's Opening Brief and Appendix with the Clerk of the United States District Court for the District of New Jersey.

I also certify that on February 18, 2008, I caused a true and correct copy of the foregoing to be served by United States mail to Special Assistant United States Attorney Jason Frankenfield, Building 5418, Delaware Avenue, Fort Dix, New Jersey 08640.

__s/ Christian P. Fleming_____
CHRISTIAN P. FLEMING, ESQUIRE
Attorney for Appellant, Gwendolyn Jackson

14